ADELARD MAYNARD *et al. vs.* HENRY VIGEANT, Inspector of Buildings.

OCTOBER 29, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Building Construction. Time of filing Remonstrances.*

Ordinance of the city of Pawtucket, cap. 166, in relation to the erection etc., of automobile garages, provided that *"at the hearing,"* owners of land within a radius of 200 feet might file objections, etc.

A hearing was had upon an application, the record concluding, ''Hearing closed. Attorneys given one week to file briefs on the question of including street areas. Decision reserved.''

Within the week an additional remonstrance was filed.

*Held,* that the last remonstrance was not filed within the time prescribed, as the hearing had been concluded and the only question remaining was one of law.

CERTIORARI.    Heard and writ dismissed.

STEARNS, J.    The proceeding in this cause is by writ of *certiorari.* The respondent, Vigeant, the Inspector of Buildings in the city of Pawtucket, on the 8th day of September, 1919, granted a permit to one Herman Doll to construct a public garage on Trenton street in said city.

The petitioners, *Maynard et al.*, who are owners of land adjacent to the land on which the proposed garage is to be erected, claim that the issuance of said permit was illegal. By an ordinance of said city (Chap. 166, an ordinance relating to automobile garages, approved July 25, 1919), it is provided that every person desiring to erect, alter or enlarge any automobile garage shall file an application therefor in the office of the Inspector of Buildings, and shall not commence any work thereon without a permit from the Inspector of Buildings; said inspector is required to give notice by advertisement of the time and place of the hearing on the application; at the hearing owners of land within a radius of two hundred feet of the lot upon which said garage is or is to be located may file their objections in writing to the granting of the application together with a plat showing the location of the building or proposed building and the lot numbers and names of the owners of the land within two hundred feet of the lot upon which the garage is to be located; if the owners of the greater part of the land within two hundred feet of such lot shall file the required plat, and their objections in writing to the granting of the application said application shall be denied.

From the record produced by the respondent in response to the writ, it appears that a public hearing on the application of Doll for a permit to build the garage, after legal notice had been given by advertisement, was held by the Inspector of Buildings, August 18, 1919. At the hearing on that day the petitioners, *Maynard et al.* filed their written objections to the granting of the application and a plat as required by the city ordinance. The remonstrants and Doll were represented by attorneys by whom arguments were made in behalf of their clients. The record concludes as follows: "The hearing closed. Attorneys given one week to file briefs on the question of including street areas. Decision reserved."

At the hearing before this court evidence was presented by both parties, and it was agreed that the remonstrants on

August 18th were not the owners of the greater part of the land within two hundred feet of the proposed location. It is also agreed that in computing the area of the land within a radius of two hundred feet of the location of the garage the area of public highways is to be excluded. *R. I. Society &c.* v. *Town Council of Cranston,* 21 R. I. 577. Within the week allowed, briefs were filed by counsel with the Inspector of Buildings and a new remonstrance was also filed by the Everlastik, Inc., a corporation which owned land within the two hundred feet radius. If this remonstrance was made in proper time or, to state the question in the terms of the ordinance, if it can properly be considered as made "at the hearing" held by the Inspector of Buildings, then the issuance of the permit to build was illegal as the remonstrants by the inclusion of this corporation are the owners of the greater part of the land within the radius of two hundred feet, and in that case the Inspector of Buildings has no discretion but must deny the application. We are of the opinion that the remonstrance of this corporation was not filed within the time prescribed by the ordinance, as the hearing at that time had been concluded, the parties had presented their evidence and the question then was a question of law, in regard to the proper interpretation of the ordinance.

It is argued that the action of the inspector at the conclusion of the hearing on August 18th was in effect and in fact a continuance or an adjournment of the hearing for one week and that during that period or until the time when the decision was given by the inspector, September 8, 1919, the hearing contemplated by the ordinance could not be said to be closed. The ordinance in question should be construed with reasonable liberality having in mind the fact that the tribunal created thereby is not a court of law, and that the parties interested in the applications for permits to build or opposed thereto in many cases appear without counsel.

But the time within which remonstrants must act is limited by the ordinance to the time of the hearing. This includes not only the first hearing as advertised, but any continuance or adjournment thereof so long as the hearing is not closed. Having heard all of the testimony presented by the parties, it is proper to declare, as was done in this case, that the hearing is closed, and thus conclude the period within which remonstrances can be lawfully made.

As the petitioners in this cause were not at the time of the hearing the owners of the greater part of the land within two hundred feet of the proposed location of the garage, the question of the granting of the permit was one to be decided by the Inspector of Buildings in the exercise of his discretion, and his decision is not subject to review by this proceeding by writ of *certiorari.*

The writ of *certiorari* is dismissed.

*John F. Collins*, for petitioner.

*James G. Connolly, City Solicitor of Pawtucket,* for respondent.